UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYAN A. ANDERSEN, AS TRUSTEE OF THE BANKRUPTCY ESTATE OF YONG KANG LAS VEGAS ASSISTED LIVING CENTER, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>WEI LI,<br><br>　　　　　　　Defendant. | Case No.: 2:24-cv-02044-GMN-DJA<br><br>**ORDER GRANTING WITHDRAWAL OF REFERENCE** |

　　　Pending before the Court is the *sua sponte* request under 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a), and Local Rule of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada ("Local Bankruptcy Rule") 5011(a) to consider withdrawal of the reference of a pending adversary proceeding and certification under Local Bankruptcy Rule 9015(e), (ECF No. 1) (hereinafter "Motion to Withdrawal Reference"). This Motion was submitted *sua sponte* to Chief District Judge Andrew P. Gordon by Chief Bankruptcy Judge August B. Landis. Pursuant to Local Bankruptcy Rule 5011(e), Chief Judge Gordon designated Judge Gloria M. Navarro to decide the pending motion. (*See* Order, ECF No. 5). Because the disputes between Trustee Andersen and Defendant Li are predominately non-core claims as to which Defendant Li timely asserted a right to trial by jury under the Seventh Amendment, the Court GRANTS the request to consider withdrawal of the reference of adversary proceeding and WITHDRAWS the non-core claims against Defendant. .

**I.　BACKGROUND**

　　　This action arises from the failed attempt of debtor Yong Kang Las Vegas Assisted Living Center, LLC ("the LLC Debtor") to develop an assisted living facility in Las Vegas.

(Mot. Withdrawal 2:5–7, ECF No. 1).  In March 2021, the LLC Debtor filed a Voluntary Petition in the Bankruptcy Court for the District of Nevada for relief under Chapter Seven of the United States Bankruptcy Code. (*Id.*).  The Chapter Seven panel trustee, Ryan A. Andersen, was designated to oversee the administration of the LLC Debtor's bankruptcy estate. (*Id.* 2:8–9).

In May 2022 Trustee Andersen filed a Complaint commencing the Adversary Proceeding[1] against a number of defendants, including Defendant Li. (*Id.* 2:12).  The Complaint alleged 18 distinct causes of action, 12 of which were alleged against Defendant. The alleged causes of action against Defendant are violation of RICO § 1962(c), Conspiracy to violate RICO §1962(d), Fraudulent Transfer under 11 U.S.C. § 548, Fraudulent Misrepresentation, Conversion, Civil Conspiracy, Aiding and Abetting Civil Conspiracy, Aiding and Abetting Fraud, Aiding and Abetting Conversion, Unjust Enrichment, Breach of Fiduciary Duty, and Aiding and Abetting Breach of Fiduciary Duty. (*Id.* 2–3).

The Bankruptcy Court's Clerk entered defaults against all named defendants on June 3, 2022. (*Id.* at 3:19–20).  Trustee Andersen filed motions for entry of default judgment against all named defendants on August 8, 2022. (*Id.* 3:20–21).  Orders granting Trustee Andersen's motions for entry of default judgment against all named defendants, with the exception of Defendant Li, were entered on May 10, 2023.[2] (*Id.* 3:21–22).  An Order certifying those default judgments as final was entered on July 12, 2023. (*Id.* 4:1).  No appeals or other requests for relief from any of those default judgments were filed. (*Id.*).  Only Trustee Andersen's 12 claims against Defendant Li remain unresolved.

---

[1] An adversary proceeding is a lawsuit that arises during the course of a bankruptcy proceeding that relates to the bankruptcy but is handled separately.

[2] The Bankruptcy Court's Clerk entered default against Li on June 3, 2022.  Trustee filed a Motion for Default Judgment against Li on August 8, 2022.  On September 9, 2022, four days before the scheduled hearing on Trustee's Motion for Default Judgment against Li, a "Motion to Strike Default Entered June 3, 2022, and Motion to Quash Service Pursuant to FED. R. CIV. P. 12(b)(4) and FED. R. CIV. P. 12(b)(5)" was filed on behalf of Li by his attorney.

On October 6, 2022, counsel for Trustee Andersen and counsel for Defendant Li entered into a stipulation whereby, among other things:

- Defendant Li agreed to "participate in good faith in a settlement conference to be scheduled to a mutually convenient date and time subject to Court availability[;]
- Trustee Andersen agreed to set aside the default entered against Defendant Li;
- Following the completion of the settlement conference, the Motion to Strike Default would be withdrawn as moot;
- Defendant Li agreed to "waive all service issues and deems service of the summons and adversary complaint accomplished" and
- Defendant Li agreed to file an answer or other responsive pleading within four weeks after completion of the settlement conference. (*Id*. 4:14–24).

On May 9, 2023, counsel for Trustee Andersen and counsel for Defendant Li filed a discovery plan which summarized the nature of the case as "Violations of RICO, Fraudulent Transfers, Fraud[,]" and noted that "[a] demand for a jury trial has not been made[,]" and indicated that the case would be trial ready by November 15, 2023. (*Id*. 5:10–13). The discovery plan also indicated that "[a]ll parties consent [. . .] to this court entering final judgment." (*Id*. 5:14–15). A settlement conference was conducted later that month that was unsuccessful. (*Id*. 5:17–18).

Following the unsuccessful settlement conference, Defendant Li timely filed an Answer to Trustee Andersen's Complaint and requested a jury trial on all non-core matters. (*Id*. 6:11–12). Trustee Andersen filed a Motion for Partial Summary Judgment which Defendant opposed. (*Id*. 6:23–24). Defendant Li later filed a "Motion for Jury Trial, Notice of Non-Consent for This Court to Conduct Jury Trial, and to Withdraw the Reference or Remand the Case to the District Court" which Trustee Andersen opposed. (*Id*. 7:6–7). The Bankruptcy

1  Court denied the Motion for Partial Summary Judgment and denied Defendant Li's motion
2  because it was procedurally flawed and untimely.[3] (*Id*. 8:1; 9:8–9).

3        The Bankruptcy Court *sua sponte* filed the pending motion.  The Bankruptcy Court
4  explained that despite "Wei Li's belated and procedurally defective Reference Withdrawal
5  Motion was previously denied, the controlling rules contemplate a request by the bankruptcy
6  court on its own to have the District Court determine whether withdrawal of the reference is
7  warranted." (*Id.* 10:16–20).  The Parties maintain that they are prepared to proceed to trial but
8  cannot do so until this Court determines whether the jury trial should be before its own Court or
9  the Bankruptcy Court. (*Id.* 16:11–14).

10 **II.     <u>LEGAL STANDARD</u>**

11       Pursuant to 28 U.S.C. § 157(d), a district court may withdraw reference to the
12 bankruptcy court "for cause shown."  The provision provides for both permissive and
13 mandatory withdrawal. *Id.*  "The district court *may* withdraw, in whole or in part, any case or
14 proceeding referred. . . on its own motion or on timely motion of any party, for cause
15 shown." *Id.*  The district court *shall* withdraw if "resolution of the proceeding requires
16 consideration of both title 11 and other laws of the United States regulating organizations or
17 activities affecting interstate commerce." *Id.*

18       Local Bankruptcy Rule 5011(e) provides that: "Any motion and any request by the
19 bankruptcy court on its own to withdraw the reference must be referred to the chief district
20 judge or the chief district judge's designee for decision in the district court."  Local Bankr. R.

---

[3] From a procedural standpoint, Defendant Li's Reference Withdrawal Motion did not state at all, much less conspicuously as required by Bankruptcy Court Local Rule 5011(a), that relief was sought from a United States District Judge.  From a timeliness standpoint, counsel for Defendant Li first appeared in this Adversary Proceeding when he filed the Motion to Strike Default on September 9, 2022.  Defendant Li's Reference Withdrawal Motion was not served and filed until more than a year later on November 21, 2023.  Resultantly, Defendant Li's Reference Withdrawal Motion was not timely under the plain language of Local Bankruptcy Rule 5011(b) which requires that a "motion to withdraw the reference of an adversary proceeding, in whole or in part, must be served and filed on or before the date on which the party enters its first appearance in the case." (Mot. Withdrawal 8:9–10:9).

5011(e); *see In re HEALTHCENTRAL.COM,* 504 F.3d 775, 785 (9th Cir. 2007) (citing Fed. R. Bankr. P. 5011(a)) ("[a] motion for withdrawal of a case or proceeding shall be heard by a district judge"); *see also* Fed. R. Bankr. P. 5011(a) *advisory committee note* ("[5011(a)] makes it clear that the bankruptcy judge will not conduct hearings on a withdrawal motion. The withdrawal decision is committed exclusively to the district court."). Generally, a district court's decision whether cause justifies withdrawal is discretionary and that decision will not be disturbed unless the court abuses its discretion. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).

District courts have "original but not exclusive jurisdiction" over all bankruptcy proceedings. *See* 28 U.S.C. § 1334(b). Such proceedings fall into one of two categories: "core proceedings, in which the bankruptcy court may enter appropriate orders and judgments," and "non-core proceedings, which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review." *Sec. Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered "non-core." *Id.* (citation omitted). The United States Supreme Court has made clear that "[i]t is the bankruptcy court's responsibility to determine whether each claim before it is core or non-core." *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 33 (2014); *see also* 28 U.S.C. § 157(b)(3).

### III. DISCUSSION

As a preliminary matter this Court first takes up the issue of whether Defendant Li's belated and procedurally defective Reference Withdrawal Motion in any way impacts this Court's analysis of whether the reference should be withdrawn. Local Bankruptcy Rule 5011(a) only requires that a request for withdrawal of the reference *made by the parties* be

timely.[4]  Here, the Bankruptcy Court *sue sponte* requested that this Court determine whether to withdraw the reference.  And, although Defendant Li's Reference Withdrawal Motion was untimely and procedurally deficient, his request for a jury trial was proper.  Thus, the fact that Defendant Li's previously denied request for withdrawal of the reference was untimely and procedurally deficient is a moot point and the Court addresses the Bankruptcy Court's *sua sponte* motion anew.

The Court now moves to the heart of its analysis.  The Bankruptcy Court informs this Court that withdrawal of the reference for the 11 non-core claims may be warranted because the disputes between Trustee Andersen and Defendant Li are predominately non-core claims as to which Defendant Li timely asserted a right to trial by jury under the Seventh Amendment.  The Bankruptcy Court previously concluded that the bulk of the causes of action pled in Trustee Andersen's Complaint against Defendant Li are non-core.[5]  Because it is the Bankruptcy Court's responsibility to determine whether each claim before it is core or non-core, this Court agrees with the Bankruptcy Court's determination.[6]

28 U.S.C. § 157(c)(1) provides that:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.  In such a proceeding, the bankruptcy

---

[4] Local Bankruptcy Rule 5011(a) provides:
> A request for withdrawal of the reference in whole or in part of a matter referred to the bankruptcy judge, **other than a request by the bankruptcy court on its own** or the automatic withdrawal as provided in a jury case by LR 9015(e) must be by motion and filed timely with the clerk of the bankruptcy court. All such motions must conspicuously state that "RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE."

(Emphasis added)

[5] Violation of RICO § 1962(c) (non-core), Conspiracy to Violate RICO §1962(d) (non-core), Fraudulent Transfer Under 11 U.S.C. § 548 (core), Fraudulent Misrepresentation (non-core), Conversion (non-core), Civil Conspiracy (non-core), Aiding and Abetting Civil Conspiracy (non-core), Aiding and Abetting Fraud (non-core), Aiding and Abetting Conversion (non-core), Unjust Enrichment (non-core), Breach of Fiduciary Duty (non-core), and Aiding and Abetting Breach of Fiduciary Duty (non-core).

[6] Even if it were not the Bankruptcy Court's responsibility to determine whether a claim was core or non-core, this Court would have made the same determinations as the Bankruptcy Court did.

judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district court after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

So, while the Bankruptcy Court is permitted to hear the non-core claims against Defendant Li, it likely cannot enter related final orders or judgment on 11 of the 12 claims against Defendant Li. Instead, the Bankruptcy Court would be required to submit proposed findings of fact and conclusions of law to the District Court for consideration and other appropriate proceedings before entry of final orders and judgment by the District Court as to a majority of the claims against Defendant Li.

Because of this, the Bankruptcy Court asserts, and this Court agrees that judicial economy would best be served through withdrawal of the reference so that this Court may conduct a jury trial on the 11 non-core claims and enter final orders and judgment. (*See* Mot. Withdrawal 14:5–8). Indeed, courts should weigh "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors" in deciding whether to withdraw a reference. *See Sec. Farms*, 124 F.3d at 1008. Here, this Court would have to review *de novo* the Bankruptcy Court's proposed findings of fact and conclusions of law before submitting a final order regarding 11 of the 12 claims against Defendant Li if it denied the pending motion. For the sake of judicial economy, it would be more efficient for this Court to withdrawal the reference as to the non-core claims.

Moreover, Defendant Li timely asserted his Seventh Amendment right to a jury trial on all non-core claims against him and does not consent to the Bankruptcy Court proceeding over the trial. (*See* Mot. Withdrawal 14:9–14). 28 U.S.C. § 157(e) states that:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if

specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

Bankruptcy judges in the District of Nevada may conduct jury trials if all parties consent.[7] But Defendant Li's Reference Withdrawal Motion expressly states: "By this motion, Wei Li respectfully does not consent to the Bankruptcy Court conducting a jury trial." (Mot. Withdrawal n.44). It is therefore clear that Defendant Li does not consent to having a jury trial before the Bankruptcy Court as to the 11 non-core issues. And because the request for a jury trial was timely, the Bankruptcy Court certified the pending matter to this Court pursuant to Local Bankruptcy Rule 9015(e).[8] Thus, the Court finds that cause has been shown, pursuant to 28 U.S.C. § 157(d), to withdraw the reference for the 11 non-core claims against Defendant Li of the adversary proceeding.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Chief Bankruptcy Judge August B. Landis's *sua sponte* request to consider withdrawal of the reference of adversary proceeding to the United States District Court for the District of Nevada and certification of a jury trial, (ECF No. 1), is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011(a), and Local Bankruptcy Rule 5011(a), the reference for the 11

---

[7] Local Bankruptcy Rule 9015(a) provides that:
> Bankruptcy judges of this district are designated to exercise all jurisdiction in civil jury cases under 28 U.S.C. § 157(e). Consent of the parties may be made in writing or orally on the record and, unless the court orders otherwise, must be given at least thirty (30) days before the date first set for trial.

[8] Local Bankruptcy Rule 9015(e) states:
> Upon the court's determination that the demand [for jury trial] was timely made and the party has a right to a jury trial, and if all parties have not filed a written consent or consented on the record to a jury trial in the bankruptcy court, the bankruptcy court will certify the matter to the district court. Upon certification, the district court will open a new civil matter, and will assign a date for trial. Unless the assigned judge orders otherwise, all proceedings will continue in the bankruptcy court until the matter is ready for trial.

non-core claims against Defendant Li of this adversary proceeding is **WITHDRAWN**, and those claims shall be addressed by the United States District Court for the District of Nevada.

**IT IS FURTHER ORDERED** that the Parties shall have 30 days from the date of this Order to file a Joint Pretrial Order, pursuant to Local District Court Rule 16-3, in this Court's docket using case number 2:24-cv-2044-GMN-DJA addressing the 11 non-core claims.

**DATED** this \_\_18\_\_ day of December, 2024.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT COURT