**ANDERSEN BEEDE WEISENMILLER**
Mark M. Weisenmiller, Esq
Nevada Bar No. 12128
Email: *mark@abwfirm.com*
Michael M. Beede, Esq.
Nevada Bar No.13068.
Email: *mike@abwfirm.com*
3199 E Warm Springs Rd, Ste 400
Las Vegas, Nevada 89120
Phone: 702-522-1992
Fax:    702-825-2824
*Counsel for Ryan A. Andersen, Trustee*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RYAN A. ANDERSEN, AS TRUSTEE OF THE BANKRUPTCY ESTATE OF YONG KANG LAS VEGAS ASSISTED LIVING CENTER, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>WEI LI,<br><br>Defendant. | Case No.: 2:24-cv-02044-GMN-DJA<br><br>Bankruptcy Case No. 21-11510-ABL<br><br>Adversary Case No. 22-01068-ABL |

## STIPULATION TO DISMISS DISTRICT COURT CLAIMS

Ryan A. Andersen ("**Trustee**"), Chapter 7 trustee of the estate of Yong Kang Las Vegas Assisted Living Center, LLC ("**Estate**"), and Wei Li ("**Defendant Li**," and together with the Trustee, the "**Parties**"), by and through their undersigned counsel, hereby stipulate and agree as follows:

1. On May 2, 2022, the Trustee filed an adversary complaint [BC ECF No.[1] 1] ("**Complaint**") against Defendant Li, Longsheng Lei, USA First Construction and Decoration, Inc., and Haojie Yan, averring causes of action against Defendant Li for violations of RICO § 1962(c), conspiracy to violate RICO §1962(d), fraudulent transfer under 11 U.S.C. § 548, fraudulent

---

[1] "**BC ECF No.**" as used herein refers to docket entries on the Bankruptcy Court's docket in the adversary proceeding entitled *Ryan A. Andersen, Trustee of the Bankruptcy Estate of Yong Kang Las Vegas Assisted Living Center, LLC v. Li*, Adv. Case No. 21-11510-abl. "**DC ECF No.**" refers to the docket entries in the above-captioned action.

1. misrepresentation, conversion, civil conspiracy, aiding and abetting civil conspiracy, aiding and abetting fraud, aiding and abetting conversion, unjust enrichment, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.

2. On July 5, 2023, Defendant Li filed his answer to the Trustee's Complaint [BC ECF No. 187] and requested a jury trial on all non-core matters.

3. Defendant Li later filed a *Motion for Jury Trial, Notice of Non- Consent for This Court to Conduct Jury Trial, and to Withdraw the Reference or Remand the Case to the District Court* [BC ECF No. 248] ("**Jury Trial Motion**"), which Trustee Andersen opposed.

4. The Bankruptcy Court denied Defendant Li's Jury Trial Motion. See BC ECF No. 267.

5. On October 24, 2024, the Bankruptcy Court filed its *Sua Sponte Request Under 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011(a), and LR 5011(a) and (e) to Consider Withdrawal of the Reference of a Pending Adversary Proceeding, and Certification Under LR 9015(e)* [BC ECF No. 347] ("**Sua Sponte Request**").

6. On December 20, 2024, in its *Order Granting Withdraw of Reference* [DC ECF No. 358], this Court granted the Sua Sponte Request and withdrew the reference to the Bankruptcy Court of the Trustee's causes of action against Defendant Li for violations of RICO § 1962(c), conspiracy to violate RICO §1962(d), fraudulent misrepresentation, conversion, civil conspiracy, aiding and abetting civil conspiracy, aiding and abetting fraud, aiding and abetting conversion, unjust enrichment, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty ("**District Court Claims**").

7. The District Court did not withdraw the reference of the Trustee's claim against Defendant Li for fraudulent transfer under 11 U.S.C. § 548 ("**Bankruptcy Court Claim**").

8. The Trustee has considered the economical administration of the Estate, and has concluded that conducting two trials, one before this Court and one before the Bankruptcy Court, is not in the best interests of creditors or the Estate. Therefore, the Trustee has determined that the most appropriate course of action is to voluntarily dismiss the District Court Claims.

9.  Accordingly, the Parties have met and conferred and have agreed to stipulate to dismiss the District Court Claims with the Parties bearing their own attorneys' fees and costs with respect to the District Court Claims.

10. The Trustee hereby consents to the Bankruptcy Court Claim being heard by a jury before the United States Bankruptcy Court for the District of Nevada and Wei Li hereby withdraws his non-consent to a jury trial in the United States Bankruptcy Court for the District of Nevada.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that the District Court Claims are hereby dismissed with the Parties bearing their own attorneys' fees and costs with respect to the District Court Claims.

DATED this 17th day of January, 2025.

**ANDERSEN BEEDE WEISENMILLER**

/s/ Mark M. Weisenmiller
Mark M. Weisenmiller, Esq.
Micharl M. Beede, Esq.
*Counsel for Ryan A. Andersen, Trustee*

**JEFFREY A. COGAN CHARTERED, a PLLC**

/s/Jeffrey A. Cogan
Jeffrey A. Cogan, Esq.
*Counsel for Defendant Wei Li*

**IT IS SO ORDERED:**

_____

**GLORIA M. NAVARRO**

**UNITED STATES DISTRICT JUDGE**

**DATED: January 17, 2025.**